WM. KLINK v. TOLEDO RYS. & LIGHT CO.

1. POWER OF COURT TO DISMISS AN ACTION.

When an amended petition, after having several passages struck out by the court, as redundant or improper pleading, still states a cause of action against the defendant, the court has no power to dismiss the action without prejudice, in the absence of any pleading traversing the averments left in the petition.

[For other cases in point, see 3 Cyc. Dig., "Dismissal and Nonsuit," §§ 31-52; 7 Cyc. Dig., "Trial," §§ 509-521.—Ed.]

2. ERROR TO STRIKE MATERIAL AND PROPER AVERMENTS FROM PLEADING.

It is prejudicial error for a court in an action for negligence of a street car company in permitting the proximity of two of its tracks in the city upon which the cars were permitted to pass so closely as to endanger the lives of passengers standing upon the running board, to strike from a pleading language that is material and a proper averment of the cause of action.

[For other cases in point, see 6 Cyc. Dig., "Pleading," §§ 1431-1442.—Ed.]

3. POWER OF COURT TO STRIKE REDUNDANT MATTER FROM PLEADING.

It is not prejudicial error for a court to strike from a petition matter that sufficiently appears in another part of the petition.

[For other cases in point, see 4 Cyc. Dig., "Error," §§ 1592-1599; 6 Cyc. Dig., "Pleading," §§ 1441, 1442.—Ed.]

[Syllabus approved by the court.]

ERROR to Lucas common pleas court.

**O. S. Brumback** and **T. F. Connell,** for plaintiff in error.
**Smith & Baker,** for defendant in error.

WILDMAN, J.

This is a proceeding in error, brought to reverse the judgment of the court of common pleas. It is a personal injury case. The plaintiff filed successive petitions, the last one being designated the "fourth amended petition," from which, on motion of the defendant, the court struck sev-

Klink v. Railways & L. Co.

eral passages, as redundant or improper pleading. Thereupon, as shown by the journal entry, plaintiff not desiring to avail himself of leave given to amend, or file additional pleadings, the action was dismissed by the court, without prejudice.

The petition alleges error both in the striking of these matters from the petition and the dismissal of the action. So far as the record discloses, the plaintiff below—who is plaintiff in error here—was objecting as strenuously to the dismissal of the case as he was to the prior ruling of the court on the motion to strike out. The journal entry shows an exception to both matters, and it is to be noted that the dismissal without prejudice is by the court and not under the provisions of the statute available to a party who, under certain circumstances, may, before final submission of the action, himself dismiss without prejudice.

We have carefully examined this fourth amended petition and our conclusion is, that after the striking out of the several matters, the pleading still stated a cause of action against the defendant. This being so, it follows as a corollary that the court had no power to dismiss the action in the absence of any pleading by the defendant traversing the averments left in the petition. Some notion seems to have been entertained by counsel that, in order to maintain his position in court, it would be necessary for the plaintiff to make some amendment of the petition omitting the objectionable clauses or passages, and that, if the court granted him leave to amend, and he failed to avail himself of such leave, the court might then dismiss the action just as the court might do it after sustaining a demurrer to a pleading. The section of the code under which the court acted in striking this matter from the pleadings is Rev. Stat. 5087 (Lan. 8602), which provides:

"If redundant, irrelevant, or scurrilous matter be inserted in a pleading, it may be stricken out on the motion of the party prejudiced thereby; and obscene words may be stricken from a pleading on the motion of a party, or by the court of its own motion."

It is not like a requirement by a court that a party shall make his pleading definite and certain; but the order is self-operating, and in the case at bar it will be noted that the motion which was filed was, not that the plaintiff be required to amend the fourth amended petition by omitting therefrom or striking out the passages assumed to be redundant, or otherwise objectionable, but the motion was, as to each passage, that the court strike such passage from the amended petition, and in the journal entry it is said that,

"The portions of said fourth amended petition in each of said paragraphs in said motion set forth are hereby stricken from said fourth amended petition."

Lucas County.

Our judgment. is, that no amendment or further pleading was necessary to preserve the plaintiff's standing in court.

We think, then, that the court erred in the dismissal of the action after the striking of matters from the pleading which did not so rob it of its vitality as a pleading as to make it. inefficient to obtain judgment upon it upon default.

The plaintiff in error claims also that the court erred in the striking of these several allegations from the petition. The court had previously stricken certain matters from the third amended petition, after which action the fourth amended petition was filed. The court overruled the motion of defendant as to some of its claims, but as to others, granted it; and we think as to some of the passages stricken from the fourth amended petition, the court erred.

The plaintiff's claim is based upon an asserted negligence of the defendant company in permitting the proximity of two of its tracks in the city upon which cars were permitted to pass one another so closely as to endanger the lives of persons or passengers standing upon the so-called running board extending along the sides of the cars, used for the purpose of getting upon and off the cars. The plaintiff alleges that he had stepped upon the running board of one of these cars, on the left hand side of the car, and, before he had time to reach a seat, another car approached, rapidly from the opposite direction, and he was pushed off and severely injured. He alleges various kinds of negligence on the part of the company and makes certain allegations calculated to relieve himself from the imputation of contributory negligence. One of the passages stricken out by the court reads as follows:

"Plaintiff says that he did not know or observe that the defendant had a double track in said Front street upon which to run its cars, * * *."

And again:

"There being no rail nor other guard upon said left-hand side of said car to prevent plaintiff from so boarding said car or warn him there was any danger in so doing."

As to the language in both these passages, we think that the court's action was not prejudicial—indeed we are inclined to think that, as to a part of it, it was redundant, being otherwise expressed in another part of the pleading.

The court also struck out this language:

"And so it was, that plaintiff was compelled to walk along said running board, while said car was in motion, to reach a seat inside."

This sufficiently appears in another part of the pleading and we think that the action of the court in striking it out was not prejudicial.

I now come to language stricken out by the court which does seem to us material and matter of proper averment and as to which we think that the action of the court in striking it from the pleading was prejudicial error. I will read the language for the guidance of the court below in such subsequent proceedings as may be had:

"Plaintiff further alleges that the said double track that defendant laid and operated in Front street, at and along the locality where plaintiff was struck and injured, was wrongfully, carelessly and negligently constructed and maintained by defendant, as it well knew, but plaintiff did not know, with such narrow space between the two tracks that there was danger of a passenger standing on the running board of one car being struck by another car operated in the opposite direction."

"Plaintiff further says that on the day he was injured, and for a long time prior thereto, the defendant was negligently operating cars along its line of double track on said Front street (including the one so boarded by plaintiff), of such great and unusual widths as to endanger the safety of its passengers who might be standing upon the running board of its cars, all of which was well known to defendant but not known to plaintiff when he boarded said car."

"Plaintiff further says the defendant wrongfully, carelessly and negligently failed to have the said running board on the left side of the car which plaintiff so boarded turned up or folded against the side of the car, as was customary under the circumstances, so as not to invite and receive passengers on said side; * * *."

We find no other errors in the record; but for those errors to which I have invited attention, the judgment of the court of common pleas is reversed, and the cause remanded with direction to reinstate the case upon the docket for such other proceedings as may be proper.

**Haynes** and **Parker, JJ.,** concur.